## Case No. 11,992.

### In re RODGER et al.

[18 N. B. R. 381.] [1]

District Court, S. D. New York. Oct. 8, 1878.

BANKRUPTCY –COMPOSITION— RETURN OF DEBTOR'S BOOKS—ORDER CARRYING OUT COMPOSITION AGREEMENT.

1. Where, by the terms of resolution of composition, it is provided that the property and books of the bankrupts, which have been theretofore held by an assignee under a voluntary assignment, should be returned to the debtors, creditors who are bound by the composition will be held to have consented to such transfer: and if, by any means, such transfer shall be effected in furtherance of the terms of the resolution, they will not be permitted to undo what has thus been done with consent.

2. In pursuance of the terms of such a resolution, an ex parte order was obtained from the state court, discharging the voluntary assignee in so far as the decree confirming the composition affected the rights of the creditors, and the assignee thereupon delivered the property and books to the debtors. Subsequently a creditor who had refused to accept the composition notes, and whose debt was contracted by fraud on the part of one of the debtors, moved in the state court for an inspection of the books, and to vacate the order discharging the assignee. Held, that the action of the creditor was a violation of the composition agreement; and, under the power given the bankrupt court to enforce the agreement, such action must be enjoined.

[In the matter of Jane S. Rodger and James Wardrobe, bankrupts.]

Gray & Davenport, for the motion.

Chas. Wehle, contra.

CHOATE, District Judge. In this case a composition had been confirmed, by the

---

[1] [Reprinted by permission.]

terms of which it is provided that the property of the bankrupts, and their books of account, which had been theretofore held by an assignee under a voluntary assignment, should be returned to the debtors. After the final order in composition, the voluntary assignee applied to the court of common pleas, which is the court having jurisdiction of the matter; and upon proof of the confirmation of the composition, and of the compliance on the part of the debtors with the terms thereof, so far as they were required to do anything as a condition precedent to the return of the property and the books to them, he procured an order of that court discharging the assignee from all further liability on account of his trust as such assignee, in so far as the decree of this court confirming the composition affects the rights of the creditors of said alleged bankrupts. This order of the common pleas having been entered, the assignee re-delivered the property and the books held under the assignment to the debtors, and they are now using the same in their business. The composition was for thirty-five cents on the dollar in installments, evidenced by promissory notes, all of which are to become payable within nine months. The order of the common pleas was made on the ex parte application of the assignee.

In this state of the case, a creditor who has refused to receive the composition notes, and whose debt was contracted by fraud on the part of one of the debtors, or at least who has obtained an adjudication to that effect in a state court, which adjudication is conclusive upon the facts so far as this court is concerned, has made a motion against the assignee, in the court of common pleas for an inspection of the books, and to vacate the order discharging the assignee, and the alleged bankrupts now move for an injunction against the prosecution of this proceeding of the creditor in the state court.

It is clearly the duty of this court to protect the bankrupts, from any action on the part of creditors who are bound thereby, designed either to enforce payment of their debts, or to annoy or prevent the bankrupts from performing the agreement of composition. No creditor, therefore, can be allowed to take any action for the purpose of procuring a different disposition of the assets of the bankrupts from that agreed to by the terms of the composition, or of interfering with their carrying on their business, pending payment of the composition, so far as that is expressly or by necessary implication permitted by the resolutions of composition. In this case it was clearly the intention of the creditors that the debtors should have the unrestricted use and possession, pending the maturity of the composition notes, of their assets and books theretofore in the hands of the voluntary assignee. And it was obvious that such possession and use of

the assets and books are ordinarily necessary to enable debtors to carry out the composition and pay the notes, since it is only by such use of the property in the continuance of their business that they have in general the means to perform the composition agreement. And this stipulation is therefore not to be regarded as one for the debtors' benefit alone, but for the mutual benefit of debtors and creditors.

It is true the creditors cannot by a mere resolution transfer the property from the voluntary assignee, who is not a party to the proceeding in bankruptcy, to the debtor. But they can and do give their consent to such transfer; and if by any means such transfer shall be effected in furtherance of the terms of the composition agreement, they will not be permitted to take any action to undo what has thus been done with consent. That is the present case. The obvious tendency and purpose of the creditor's action is to effect a restoration to the assignee of the assets and books which he has surrendered to the debtors, and this is a violation of the composition agreement; and, under the power given to this court to enforce the agreement, the creditor must be enjoined from going on with such action.

It is insisted that the ex parte order of the common pleas was not warranted by the state of facts; that the state assignee should not be discharged till the composition is fully paid; but so far as a creditor bound by this composition is concerned, he is to be held to have consented to the very thing that has been done; and even if thereby some security which he, in common with the other creditors, had in the possession by the assignee of the property under the trusts of the assignment, is gone, yet that surrender of security is a part of what the creditors have agreed to in consideration of the benefits to them of the composition agreement, and the creditors cannot be permitted to disturb the action thus taken, even if it be irregular as regards other parties.

It is wholly immaterial that the claim of this creditor is a claim based on fraud. While the question whether such debts are discharged by the composition is conceded to have been a doubtful question of law, yet, that question having been passed on in this case adversely to their creditor, it cannot be admitted that the doubt that existed should or can in any way interfere with the granting to the debtors of what is held to be their right under the law. Injunction granted.

RODGERS (NICOLLS v.). See Case No. 10,-260.

RODGERS (NUTTER v.). See Case No. 10,-383.

RODMAN (SICKELS v.). See Case No. 12,-836.